UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 08-60995-CIV-DIMTROULEAS

FLEXITEEK AMERICAS, INC., a Florida
corporation, FLEXITEEK INTERNATIONAL
AS, a foreign corporation,

        Plaintiffs,

vs.

NUTEAK DECKING, INC. a Florida
corporation, and TEK-DEK, LTD., a
foreign corporations,

        Defendants.
_____/

## JOINT SCHEDULING REPORT

Pursuant to the Court's Order Setting Scheduling Conference, dated January 14, 2009, Plaintiffs, Flexiteek Americas, Inc. and Flexiteek International (hereinafter known as "Flexiteek"), and Defendant, Nuteak Decking Inc. ("Nuteak") (collectively the "parties"), hereby submit the following Joint Scheduling Report:

**A.**     **Statement of the Nature of the Claim**

This lawsuit centers on Flexiteek's claim that Defendants have sold or installed products ("Accused Products") in the Southern District of Florida and elsewhere which infringe on a United States Patent No. 6,895,881 ("the '881 Patent"), which is owned by Flexiteek International. Flexiteek alleges: (1) patent infringement on Flexiteek's '881 Patent, and (2) Deceptive and Unfair Trade Practices under Florida Law.

Defendant Nuteak has answered Flexiteek's Complaint, denying liability, and asserted affirmative defenses including invalidity and/or unenforceability of the '881 Patent, lack of infringement, license, payment, and various equitable defenses.

1

**B.     Summary of Uncontested Facts**

There are no uncontested facts at this time.

**C.     Magistrate Judge or Master**

At this time the parties do not agree to the referring of any matters to a Magistrate Judge or master.

**D.     Whether Discovery Should be Conducted in Phases**

Flexiteek and Defendant Nuteak agree discovery should be conducted in phases. Such a phased discovery approach is appropriate because it will allow the parties to focus on threshold liability matters, while avoiding broadly ranging and potentially unnecessary discovery on damages matters.

**E.     The Parties' Proposed Discovery and Case Schedule**

The parties propose the following schedule for this case which is broken into six (6) phases, as described in Section D above:

| Parties' Proposed Discovery and Case Schedule | |
|---|---|
| ***Phase I: Initial Disclosures and Pleadings*** | |
| The Parties are to exchange Rule 26(a)(1) Initial Disclosures | March 16, 2009 |
| Deadline to amend the pleadings and/or to add new parties. | April 23, 2009 |
| ***Phase II: Liability-Related Discovery*** | |
| Discovery on liability-related issues commences and discovery may be served. | March 16, 2009 |
| All written discovery and depositions of fact witnesses on liability-related issues to be completed. | June 29, 2009 |
| Flexiteek must furnish its expert witness list for liability-related issues to Defendant Nuteak, along with the summaries/reports required by Local Rule 16.1.K, and only those expert witnesses shall be permitted to testify. Within the fourteen day period thereafter, Flexiteek shall make its experts available for deposition by Defendant Nuteak. | July 30, 2009 |
| Nuteak must furnish its expert witness list for liability-related issues to Flexiteek, along with the summaries/reports required by Local Rule 16.1.K, and only those expert witnesses shall be permitted to testify. Within the fourteen day period thereafter, Defendant Nuteak shall make its experts available for deposition by | August 17, 2009 |

| Parties' Proposed Discovery and Case Schedule ||
|---|---|
| Flexiteek. | |
| Both parties to submit any rebuttal reports of previously-identified experts on liability issues. | August 31, 2009 |
| *Phase III: Markman Hearing and Summary Judgment Motions Liability* ||
| Last day for filing any Motions for Markman Hearing and/or Motions for Summary Judgment on liability issues, including Supporting Briefs. | September 21, 2009 |
| Last day for filing any Briefs in Opposition to Motions for Summary Judgment on liability issues. | October 19, 2009 |
| Last day for filing any Reply Briefs in Support of Motions for Summary Judgment on liability issues. | November 2, 2009 |
| *Phases IV: Damages-Related Discovery* ||
| Discovery on damages-related issues commences and discovery may be served. | July 1, 2009 |
| All written discovery and depositions of fact witnesses on damages-related issues to be completed. | August 31, 2009 |
| *Phase V: Expert Disclosures* ||
| Flexiteek must furnish its expert witness list for damages-related issues to Nuteak, along with the summaries/reports required by Local Rule 16.1.K, and only those expert witnesses shall be permitted to testify. Within the fourteen day period thereafter, Flexiteek shall make its experts available for deposition by Nuteak. | October 19, 2009 |
| Defendant Nuteak must furnish its expert witness list for damages-related issues to Flexiteek, along with the summaries/reports required by Local Rule 16.1.K, and only those expert witnesses shall be permitted to testify. Within the fourteen day period thereafter, Nuteak shall make its experts available for deposition by Flexiteek. | November 2, 2009 |
| Both parties to submit any rebuttal reports of previously-identified experts on damages issues. | December 14, 2009 |
| *Phase VI: Pretrial and Trial* ||
| All *Daubert* motions must be filed. | December 14, 2009 |
| Joint pretrial stipulation must be filed pursuant to Local Rule 16.1.E. The pretrial stipulation shall include Flexiteek's non-binding breakdown of damages with corresponding amounts; the witness lists shall be pared down to those witnesses the parties actually intend to call at trial; and the exhibit lists shall identify the witness introducing each exhibit. The parties shall meet at least one (1) month prior to the deadline for filing the pretrial stipulation to confer on the preparation of that stipulation. The Court will not accept unilateral pretrial stipulations, and will strike, *sua sponte*, any such submissions. | December 14, 2009 |
| Joint proposed jury instructions (for jury cases) or conclusions of law (non-jury cases) outlining (1) the legal elements of Flexiteek's claims, including damages, and (2) the legal elements of the | December 14, 2009 |

| Parties' Proposed Discovery and Case Schedule | |
|---|---|
| defenses raised. | |
| Joint Summary of Respective Motions in Limine must be filed. The Summary shall contain a cover page providing the style of the case and an index of the motions in limine.  The Summary shall also include for each evidentiary issue: (i) a one (1) page motion identifying the evidence sought to be precluded at trial and citing legal authority supporting exclusion; and (ii) a one (1) page response to the motion providing a statement of the purpose for which the challenged evidence would be offered and citing legal authority in support of admission of the challenged evidence.  The parties shall work together to prepare the Summary.  Prior to submission of the Summary, the parties are encouraged to resolved evidentiary issues through stipulation. | December 14, 2009 |
| Final proposed jury instructions or findings of fact and conclusions of law must be submitted.  (A courtesy copy shall be hand-delivered to Chambers on a 3.5 diskette, WordPerfect format). Each party's list indicating each witness who will testify at trial, a one sentence synopsis of the testimony, and in consultation with opposing counsel, indicate the amount of time needed for direct and cross examination. | December 23, 2009 |
| Pretrial conference.  Usually 30 minutes are allotted for pretrial conference unless the parties or the Court, *sua sponte*, indicate a greater time is needed. | January 4, 2010 |
| Calendar Call | January 11, 2010 |
| Trial Date | January 18, 2010 |

    **F.**    **Other Proposed Dates and/or Deadlines**

        See Section E Above

    **G.**    **Estimated Length of Trial**

        The Plaintiffs, Flexiteek Americas, Inc., and Flexiteek International AS, demand(s) a jury trial.  Flexiteek estimates the length of trial to be seven (7) days.  Nuteak estimates the length of trial to be seven (7) to ten (10) days.

    **H.**    **Pending Motions**

        There are no Motions currently pending.

    **I.**    **Unique Legal or Factual Aspects**

At this time, the parties are not aware of any unique legal or factual aspects of this case requiring the Court's special jurisdiction.

**J.     Status and Likelihood of Settlement**

The parties are actively engaged in settlement discussions. The parties believe that settlement is likely.

**K.     Likelihood of Appearance in the Action of Additional Parties**

The parties believe that the appearance of additional parties in the action is unlikely.

**L.     The Necessity or Desirability of Amendments to the Pleadings**

The parties believe that the amendment of the pleadings is unecessary.

**M.     Other Matters Required by Local Rule 16.1 B**

At this time, the parties are not aware of any other matter required by Local Rule 16.1B.

Dated: _____          Dated: _____

_____          _____
S. Tracy Long (Florida Bar#: 0843008)   Gary C. Rosen, Esq. (Florida Bar#:366757)
SANTUCCI, PRIORE & LONG, LLP            BECKER & POLIAKOFF, P.A.
200 South Andrews Avenue                3111 Stirling Rd.
Suite 100                               Ft. Lauderdale, Florida 33312
Fort Lauderdale, Florida 33301          Telephone: 954.987.7550
Telephone: 954.351.7474                 Facsimile:  954.985.4716
Facsimile:  954.351.7475

Attorneys for Plaintiffs                Attorneys for Defendant, Nuteak Decking Inc.

FTL_DB: 1168323_1