## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into by and between Plaintiffs, FLEXITEEK INTERNATIONAL, AS and FLEXITEEK AMERICAS, INC. ("Plaintiffs") and all parties against whom claims have been asserted in Case No. 08-60995-CIV-SNOW and newly filed Case No. 15-cv-60589-WPD (collectively "Litigation Matters") which are currently pending in the United States District Court in and for the Southern District of Florida, including those that one or more of the parties are considering dropping (collectively "Defendants"), and the additional people and entities who are signatories to this Agreement, or who have been identified or described as being bound by this Agreement in *Section 4* below, (other than Plaintiffs or their related entities or parties) ("Enjoined Parties"), for the claims, counterclaims and defenses asserted in the Litigation Matters.

*W I T N E S E T H*:

WHEREAS, Plaintiffs brought suit against Defendants seeking damages and injunctive relief in the Litigation Matters in connection with U.S. Patent No. 6,895,881 (the '881 Patent); and

WHEREAS, Plaintiffs and the Enjoined Parties desire to amicably compromise, settle and resolve all controversies pending between them related to the Litigation Matters; and

WHEREAS, Plaintiffs and the Enjoined Parties hereby acknowledge and agree that they are all represented by counsel, have had the opportunity to review this Agreement with their counsel and have the authority to bind all people and entities who are intended to be bound by this Agreement; and

NOW, THEREFORE, in consideration of the mutual promises set forth herein and other good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, Plaintiffs and the Enjoined Parties, agree as follows:

1. The Enjoined Parties shall agree to immediately abide by, and to the subsequent entry of the ***attached*** consent judgments in both of the above cases, permanently enjoining and restraining them from performing the following actions during the term of the "'881 Patent":

    a. Directly or indirectly making, using, offering to sell, advertising or selling, within the United States, or importing into or exporting from the United States, any flooring or covering products or items used to install or remove same; and from

    b. Actively inducing or contributing to the acts of any affiliated or non-affiliated third party engaging in any of the acts described in *Section 1, a* above.

2. The Enjoined Parties agree not to challenge the '881 Patent in the United States.

3. The Enjoined Parties agree not to use any trademarks containing the term **FLEXITEEK**, or any confusingly similar mark anywhere, for any purpose.

4. The terms of this Agreement and the consent judgments shall be binding upon all Plaintiffs, Defendants and their principals, officers, directors, managers, employees, agents, successors, Affiliates and assigns. The term "Affiliates," as used herein shall mean any entity in which any of the Defendants, (including, without limitation Andrew Oates or Troy Castro), directly or indirectly, through another person or entity, have ever held an equity interest or served as an employee, owner, officer or manager. The attorneys of record for the parties listed in the signature lines below are not intended to be bound by this agreement or enjoined from any acts. Their signatures are being required on this Agreement for purposes of approval of the terms and for the sake of formality.

5. The Enjoined Parties shall scrub all of their websites of any direct or indirect references to the Plaintiffs or the litigation between them.

6. Case Nos. 08-60995-CIV-SNOW and 15-15-cv-60589 will be closed by stipulation following entry of the consent judgments consistent with the terms hereof including, without limitation, paragraph 1 above.

7. Each side shall bear their own attorneys' fees and costs incurred in Case Nos. 08-60995-CIV-SNOW and 15-15-cv-60589, except to enforce the terms of settlement or the consent judgments described above, for which the prevailing party shall be entitled to an award or reasonable attorneys fees and costs.

8. The parties shall file a joint motion, drafted by Plaintiffs' counsel requesting the court in Case Nos. 08-60995-CIV-SNOW and 15-cv-60589 to retain jurisdiction to enforce the terms of the settlement and injunction, and include such request in the proposed consent judgments. If the Court declines the request to retain jurisdiction, then any action to enforce or interpret the terms of the settlement and consent judgment shall be brought in the U.S. District Court for the Southern District of Florida only, and the parties shall consent to the jurisdiction of said court.

9. This Agreement shall be construed under the laws of the State of Florida.

10. The Enjoined Parties all hereby make the following material representations: 1) none of them are principals, officers, directors, managers, employees, agents, successors, Affiliates (as defined in Section 4 above) or assigns of any of the following entities or businesses: Yacht Tek Limited, Holybourne Flooring Limited, Yacht Solutions, LLC and Tek Dek US ("Unaffiliated Entites"); 2) the Unaffiliated Entities are not Affiliates (as defined in Section 4 above) of any of the Enjoined Parties; and that 3) None of the Enjoined Parties have

the authority to sign on behalf of or bind any of the Unaffiliated Entities. Plaintiffs are hereby relying upon the representations contained in this Agreement to induce them to compromise their rights and settle the claims described herein, and such reliance is hereby agreed by all parties to this Agreement to be reasonable.

| **SANTUCCI PRIORE, P.L.** | **LADAS & PARRY, LLLP** |
|---|---|
| *Counsel of Record for Plaintiffs* | *Counsel of Record for Defendants* |
| 200 South Andrews Avenue, Suite 100 | 224 S. Michigan Avenue |
| Fort Lauderdale, Florida 33301 | Chicago, Illinois 60604 |
| (954) 351-7474/telephone | Telephone: (312) 427-1300 |
| (954) 351-7475/facsimile | Facsimile: (312) 427-6663 |
| | |
| By: _____ | By: _____ |
|     Michael I. Santucci, Esq. |     Burton S. Ehrlich, Esq. |
|     Florida Bar No. 0105260 |     burtone@ladas.net |
|     E-mail: mis@500law.com | |
|     docketing@500law.com | |

**Flexiteek Americas, Inc.**

_____       _____
Witness

By: _____

Its: _____

Date: _____

**Flexiteek International AS**

_____       _____
Witness

By: _____

Its: _____

Date: _____

**Tek-Dek Limited**

_____
Witness

_____
By: _____

Its: _____

Date: _____

**Tek-Dek Extreme Limited**

_____
Witness

_____
By: _____

Its: _____

Date: _____

**Tek-Dek International Limited**

_____
Witness

_____
By: _____

Its: _____

Date: _____

**Andrew J. Oates**

_____
Witness

_____

Date: _____

        **Troy M. Castro**

_____
Witness

Date: _____

**JA Madore Distribution USA, Inc.,
a dissolved business entity**

_____  By:_____
Witness            Jacques Madore, as President
                   of J.A. Madore Distribution USA, Inc.
                   and personally and individually

Date: _____

_____  By: _____
Witness            Peter Larose, as Vice President
                   of J.A. Madore Distribution USA, Inc.
                   and personally and individually

Date: _____

_____  By:_____
Witness            Louise Cook, as Secretary
                   of J.A. Madore Distribution USA, Inc.
                   and personally and individually

Date: _____

_____  By: _____
Witness            Nancy Chalut, as Treasurer
                   of J.A. Madore Distribution USA, Inc.
                   and personally and individually

Date: _____

**Micro9 Limited**

_____
Witness

_____

By: _____

Its: _____

Date: _____

**Synthetic Flooring Limited**

_____
Witness

_____

By: _____

Its: _____

Date: _____

**Synthetic Decking Limited**

_____
Witness

_____

By: _____

Its: _____

Date: _____

**Re-Teak Decking Limited**

_____
Witness

_____

By: _____

Its: _____

Date: _____

**Harrys Carpets & Flooring Limited**

_____
Witness

_____

By: _____

Its: _____

Date: _____

**Harrys Carpets Limited**

_____
Witness

_____

By: _____

Its: _____

Date: _____

**Harrys Cash & Carry Limited**

_____
Witness

_____

By: _____

Its: _____

Date: _____

**Syntek Limited**

_____
Witness

_____

By: _____

Its: _____

Date: _____

**Maritime Decking Trading Limited**

_____  
Witness

By: _____

Its: _____

Date: _____

**Cabin Marine Limited**

_____  
Witness

By: _____

Its: _____

Date: _____

**Lurgashall Consultants Limited**

_____  
Witness

By: _____

Its: _____

Date: _____

**Tek-Dek International, Inc.**

_____  
Witness

By: _____

Its: _____

Date: _____